[No. 1024.]

THE STATE OF NEVADA EX REL. AH CHEW, RELATOR, *v.* RICHARD RISING, JUDGE OF THE FIRST JUDICIAL DISTRICT, RESPONDENT.

MANDAMUS WILL NOT ISSUE BEFORE RESPONDENT IS IN ACTUAL DEFAULT.—
Relator was to be tried in the district court for a violation of a munic-

ipal ordinance. He demanded a jury trial. The court announced that he would try the case without a jury, and thereupon set the case for trial on May 1: *Held*, that the respondent was not in actual default, even if relator was entitled to a jury trial, and that the writ of mandamus should not be issued.

APPLICATION for writ of mandamus.

The facts appear in the opinion.

*Kirkpatrick & Stephens, and Lindsay & Dickson*, for Relator:

I. Relator is entitled to a jury trial. (1 Comp. L. 2221, 2227; Stat. 1864–5, 216, sec. 31; Id. 1869, 121; *People* v. *Smith*, 9 Mich. 194.)

*J. H. Graham*, for Respondent:

1. Relator is not entited to a jury trial. (Const., art. 6, sec. 13; 1 Dill. Mun. Corp. sec. 358, note 1; *Davenport* v. *Bird*, 34 Iowa, 524; *Williamson* v. *Commonwealth*, 4 B. Mon. 146; *State ex rel. Rosenstock* v. *Swift*, 11 Nev. 141; *Byers* v. *Commonwealth*, 42 Pa. St. 89; *McGear* v. *Woodruff*, 33 N. J. L. 213.)

II. Mandamus is not the proper remedy in this case. The district court having decided judicially. (Moses on Mand. ch. 3, 19–58.)

By the Court, BEATTY, C. J.:

The relator was convicted by a justice of the peace of Virginia City, of having violated a municipal ordinance, and was sentenced to pay a fine therefor, and, in default of payment, to be imprisoned in the city jail. From this judgment he appealed to the first district court, of which the respondent is judge. He there demanded a jury trial, but the respondent announced that he would be tried without a jury, and set the case down on the calendar for the first of May, proximo.

Thereupon this application was made for an alternative writ of mandamus, commanding the respondent to impanel a jury to try the relator, or to show cause why he should not do so.

The petition was filed April 5, and the alternative writ is-

sued, notwithstanding grave doubts on the part of the court as to its being the proper remedy for the supposed grievance. At a subsequent day the respondent showed cause, and besides claiming that the relator has no right to a jury trial, took the further objection that, even if he has such right, he can not enforce it by means of this proceeding.

This objection is, in our opinion, fully sustained by the decision in *State ex rel. Piper* v. *Gracey.* The rule adopted in that case is, that "mandamus is never granted in anticipation of a supposed omission of duty, however strong the presumption may be that the persons whom it is sought to coerce by the writ will refuse to perform their duty when the proper time arrives. It is therefore incumbent on the relator to show an actual omission on the part of the respondent to perform the required act, and since there can be no such omission before the time has arrived for the performance of the duty, the writ will not issue before that time. In other words, the relator must show that the respondent is actually in default in the performance of a legal duty then due at his hands, and no threats or predetermination can take the place of such default before the time arrives when the duty should be performed, nor does the law contemplate such a degree of diligence as the performance of a duty not yet due." (11 Nev. 233–4.)

Upon these grounds the writ was denied in that case, notwithstanding the strong presumption that the respondent would refuse to perform his plain duty; that the relator would be injured thereby, and that he had no other plain or adequate remedy. In reference to these matters we said: "The court, however, can not anticipate that the auditor will not perform his duty within the time prescibed by the statute, and an actual default or omission of duty is just as essential a prerequisite to the issuance of the writ as is the want of an adequate remedy in the ordinary course of law." (p. 236.)

In this case it can in no event be claimed that the respondent is in actual default. He has, it is true, announced his intention of trying the relator without a jury, and we presume that he will do so; but even if the relator has a right

to a jury trial (and we are not to be understood that he has) he has, as yet, suffered no injury, and respondent is not yet in default.

If, as the relator claims, he has a statutory right to a jury trial in the district court, and he is denied it, he must seek his remedy in some other form.

The proceeding is dismissed.